In THE MATTER OF THE PETITION OF BETSEY A. MERRILL v. JOHN J. ANDERSON, RECEIVER OF THE CONTINENTAL LIFE INSURANCE COMPANY.

*Settlement of loss with insurance company — check of company — withdrawal of money by the receiver of the company, before presentation of the check.*

A life insurance company settled a loss accruing under a policy issued by it, and delivered a check for the amount to the claimant, drawn upon the United States Trust Company, where the company then had a deposit largely in excess of the amount thereof. The claimant indorsed, upon the back of the check, a receipt in full for all demands under the policy. Before indorsement and presentation of the check a receiver of the company was appointed, who withdrew all the funds from the trust company. *Held,* that the claimant was entitled to have the amount of such check paid by the receiver out of the funds so withdrawn.

APPEAL from an order made at the Special Term, directing the receiver of the Continental Life Insurance Company to pay to the petitioner the amount of a check drawn by the company prior to the appointment of the receiver.

*Elliott F. Shepard,* for the petitioner. The draft of the Continental Life Insurance Company was on a particular fund in the United States Trust Company (not a banker, but a trustee), and the draft operated as an equitable assignment of $7,820.67 of those funds to the petitioner. (*Vreeland* v. *Blunt,* 6 Barb., 182; *Hosack* v. *Rogers,* 6 Paige, 415–429.) In equity, an order given by a debtor to his creditor upon a third party, having funds of the debtor to pay the creditor out of such funds, is a binding equitable assignment of so much of said fund. (*Hall* v. *Buffalo,* 1 Keyes, 193; *Burn* v. *Carvalho,* 4 M. & C., 690; *Morton* v. *Naylor,* 1 Hill, 583–585.) Such a draft, without acceptance, is an assignment, and good against the bankruptcy assignee of drawer. (*Yates* v. *Groves,* 1 Ves., Jr., 280.) No particular form of words is necessary to constitute an assignment. An intention to surrender all control over the fund is sufficient. (*Dickenson* v. *Phillips,* 1 Barb., 454.) It can be enforced, even though the drawee refuse acceptance. (*Lett* v. *Morris,* 4 Sim., 607.) Such a draft is a valid, equitable assignment of the fund *pro tanto.* (*Bradley* v. *Root,* 5 Paige, 632; *Re Alderson,* 1 Mod. R., 55; *Clark* v. *Mauran,* 3 Paige, 373.) An order drawn by a creditor on his debtor is a *prima facie* evidence of an assignment of the debt *pro tanto.* (*McEwen* v. *Johnson,* 7 Cal., 258.) Any act amounting to an appropriation of a debt, will constitute an assignment of it. No particular form of transfer is essential. (*Wiggins* v. *McDonald,* 18 Cal., 126.)

*Sewell & Pierce,* for the receiver. A check is not an assignment of the fund on deposit in the hands of the banker. It is not even an equitable assignment. The holder of a check cannot sue the banker, and has no claim on the fund in case of refusal to pay. (*Bank of Republic* v. *Millard,* 10 Wall., 152; *Chapman* v. *White,* 2 Seld., 412; *Etna* v. *Fourth Nat. Bk.,* 46 N. Y., 82; *Bellamy* v. *Majoribanks,* 8 E. L. and Eq., 523; *Dykus* v. *Leather Bk.,* 11 Paige, 612; *Harris* v. *Clark,* 3 Comst., 93; *Cowperthwaite* v. *Sheffield,* 3 N. Y., 243; *Winter* v. *Drury,* 5 N. Y., 525; *Schneider* v. *Irving Bk.,* 1 Daly, 500.)

DYKMAN, J.:

The Continental Life Insurance Company insured the life of Albius C. Merrill in the sum of $10,000, payable at his death to

the petitioner, Betsey A. Merrill. The insured died in September, 1876, and the company adjusted the loss with the petitioner at $7,820,67, and delivered to her a check for that sum, of which the following is a copy :

"(No. 792.)

"CONTINENTAL LIFE INSURANCE COMPANY OF NEW YORK, }
NEW YORK, *October* 14, 1876. }

"$7,820.67.    *United States Trust Company.*    (Claim 14,214.)

"Pay to the order of Betsey Ann Merrill seventy-eight hundred and twenty dollars and sixty-seven cents.

"CONTINENTAL LIFE.

{ Internal Revenue, }
{ two cent stamp. }

"R. C. FROST,
"*Acting President.*

"J. P. ROGERS, *Secretary.*

"$7,820.67."

On the back of this check was the following indorsement :

"This check is accepted as full payment of all claims on policy No. 14,214.

"MERRILL."

At the time this check was drawn, the insurance company had $21,074.94 on deposit with the trust company, but before the check was indorsed by the petitioner and presented for payment, a receiver of the company had been appointed, and the funds had been withdrawn, and when the check was presented for payment it was refused for want of funds. Now the petitioner asks to have this sum paid to her by the receiver, and an order has been made at Special Term that it be so paid. From that order an appeal is now taken, and we have to determine whether this money which was so appropriated to the payment of this claim can be taken by the receiver and placed in the common fund, and used for the payment of the debts of this insolvent corporation, and the petitioner thus be compelled to take her share of her claim the same as the other creditors.

The statement of the case shows that the company had settled with the petitioner and adjusted her claim, and had a special deposit with the trust company to secure that settlement, which was

intended to be appropriated by the check drawn against it. An equitable claim upon this fund was thus created in favor of the petitioner, and the receiver took the fund subject to this equity. In fact, the receiver never should have withdrawn this money from the trust company. The insurance company was bound by the settlement, and he was bound in the same manner, and to the same extent. After the delivery of the check to the petitioner, both equity and fair dealing would forbid the withdrawal of the fund out of which the check was to be paid, and we cannot give our sanction to such a course of conduct.

The order appealed from must be affirmed, with costs.

Present — BARNARD, P. J., and DYKMAN, J. GILBERT, J., not sitting.

Order affirmed, with costs and disbursements.